UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| IRONWOOD CAPITAL LTD., <br><br> Plaintiff, <br><br> v. <br><br> IRONWOOD CAPITAL MANAGEMENT, LLC.; IRONWOOD PARTNERS, LLC; AND ICM SERIES TRUST, <br><br> Defendants. | Civil Action No.: 04cv10726 PBS |

## ANSWER AND COUNTERCLAIM

Defendants Ironwood Capital Management, LLC; Ironwood Partners, LLC, and ICM Series Trust (collectively hereinafter "Defendants"), by their attorneys, answer Ironwood Capital Ltd.'s (hereinafter "Plaintiff") Complaint as follows:

### JURISDICTION AND VENUE

1. This paragraph asserts conclusions of law to which no answer is required.
2. This paragraph asserts conclusions of law to which no answer is required.
3. This paragraph asserts conclusions of law to which no answer is required.
4. This paragraph asserts conclusions of law to which no answer is required.

### THE PARTIES

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore deny same.

6. Defendants admit the allegations of paragraph 6, but deny that the zip code is correct.

7. Defendants admit the allegations of paragraph 7, but deny that the zip code is correct.

8. Defendants admit that ICM Series Trust is a trust organizing and existing under the laws of the Commonwealth of Massachusetts. The remainder of the allegations in this paragraph 8 are denied.

## GENERAL FACTS COMMON TO ALL COUNTS

### PLAINTIFF'S BUSINESS

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore deny same.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore deny same.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore deny same.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore deny same.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore deny same.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore deny same.

### PLAINTIFF'S TRADEMARKS AND TRADE NAMES

15. Denied.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore deny same.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore deny same.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore deny same.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore deny same.

20. Denied.

## DEFENDANTS' INFRINGING ACTS

21. Defendants admit that they offer and provide financial services, including but not limited to investment management services, asset management services and investment advisory services in interstate and intrastate commerce, including commerce within the Commonwealth of Massachusetts and this judicial district. Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's definition of "fund management services" and therefore deny the allegations regarding same. The remainder of this paragraph is denied.

22. Defendants admit they have used the name "Ironwood Capital Management LLC." The remainder of the allegations in this paragraph 22 are denied.

23. Defendants admit that part of the first sentence of this paragraph 23 which describes Defendants' services, and deny the remainder of this paragraph.

24. Defendants admit that part of paragraph 24 which describes their services and deny the remainder of this paragraph.

25. Admitted.

26. Defendants deny that Defendants' Fund is administered by Defendant ICM Series Trust. The remainder of the allegations in this paragraph 26 are admitted.

27. Admitted.

28. Admitted.

29. Defendants admit that they own both website URL's listed in this paragraph 29. The allegations in this paragraph as they pertain to the URL <http://www.icmfunds.com> are admitted. The allegations contained in this paragraph 29 as they pertain to the URL <http://www.ironwoodcapitalmanagement.com> are denied.

30. Defendants admit the allegations in this paragraph 30 as they pertain to the URL http://www.icmfunds.com, but deny that the mark if infringing. The allegations contained in this paragraph 30 as they pertain to the URL <http://www.ironwoodcapitalmanagement.com> are denied.

31. Defendants admit the first two and the last sentences in this paragraph 31. The third sentence in this paragraph 31 is denied.

32. Denied.

## COUNT ONE

## FEDERAL SERVICE MARK AND TRADEMARK INFRINGEMENT

33. Defendants repeat and incorporate herein by reference their responses to the allegations in paragraphs 1 through 32 of the Complaint.

34. Denied.

35. Denied.

36. Admitted.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

## COUNT TWO

## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

43. Defendants repeat and incorporate herein by reference their responses to the allegations in paragraphs 1 through 42 of the Complaint.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## COUNT THREE

## FEDERAL TRADEMARK DILUTION

49. Defendants repeat and incorporate herein by reference their responses to the allegations in paragraphs 1 through 48 of the Complaint.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

## COUNT FOUR

## COMMON LAW SERVICE MARK AND TRADE NAME INFRINGEMENT

55. Defendants repeat and incorporate herein by reference their responses to the allegations in paragraphs 1 through 54 of the Complaint.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

## COUNT FIVE

## UNFAIR COMPETITION UNDER MASSACHUSETTS LAW

61. Defendants repeat and incorporate herein by reference their responses to the allegations in paragraphs 1 through 60 of the Complaint.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

## COUNT SIX

## MASSACHUSETTS TRADEMARK DILUTION

68. Defendants repeat and incorporate herein by reference their responses to the allegations in paragraphs 1 through 67 of the Complaint.

69. Denied.

## COUNT SEVEN

## UNLAWFUL DECEPTIVE ACTS AND PRACTICES

70. Defendants repeat and incorporate herein by reference their responses to the allegations in paragraphs 1 through 69 of the Complaint.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

## DEFENSES

### FIRST DEFENSE

Plaintiff's Counts I, II, III, IV, V, VI and VII fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by the statute of limitations.

### THIRD DEFENSE

Plaintiff's claims are barred by the doctrine of acquiescence.

### FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### FIFTH DEFENSE

Plaintiff's claims are barred due to its own fraud.

### SIXTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## EIGHTH DEFENSE

Plaintiff has waived its claims against the defendants.

## NINTH DEFENSE

Plaintiff has failed to mitigate damages.

## TENTH DEFENSE

Plaintiff's claims are barred by its fraud in obtaining its trademarks.

WHEREFORE, defendants Ironwood Capital Management, LLC; Ironwood Partners, LLC and ICM Series Trust pray that this Court:

a. Dismiss with prejudice the Complaint filed in this matter;

b. Award defendants all costs expenses and attorneys' fees they have incurred in connection with defending this action; and

c. Award defendants such other and further relief that justice so requires.

## COUNTERCLAIMS

## PARTIES

1. Plaintiff-in-counterclaim Ironwood Capital Management, LLC is a limited liability company with a principal place of business at 21 Custom House Street, Suite 240, Boston, Massachusetts 02110.

2. Plaintiff-in-counterclaim Ironwood Partners, LLC is a limited liability company with a principal place of business at 21 Custom House Street, Suite 240, Boston, Massachusetts 02110.

3. Plaintiff-in-counterclaim ICM Series Trust is a trust with a principal place of business at 2 Portland Square, Portland, Maine 04101.

4. Upon information and belief, defendant-in-counterclaim Ironwood Capital Ltd. is a corporation with a principal place of business at 200 Fisher Drive, Avon, Connecticut.

## FACTS

5. Since October 1997, plaintiffs-in-counterclaim have engaged in providing investment advisory services by researching and purchasing, on behalf of clients, publicly-traded equities. They are registered with the United States Securities and Exchange Commission and subject to the Investment Company Act of 1940 and the Investment Advisers Act of 1940.

6. Specifically, plaintiffs-in-counterclaim are registered investment advisors whose primary activities are as passive investors buying publicly-traded securities for highly sophisticated clients.

7. Plaintiffs-in-counterclaim's services cater primarily to institutional investors.

8. Plaintiffs-in-counterclaim do not offer services such as investment banking, merchant banking, senior debt placements, private equity financing, or asset-backed securities.

9. Plaintiffs-in-counterclaim deal solely with highly sophisticated consumers who typically perform extensive due diligence prior to retention of plaintiff-in-counterclaim's services.

10. Defendant-in-counterclaim is in the business of providing investment banking services, merchant banking services, investment management services, investment advisory services and financial advisory services.

11. Specifically, defendant-in-counterclaim is a licensed broker/dealer whose primary activity is as an active investor in private companies for sophisticated professionals and

corporations who perform a tremendous amount of research and due diligence before hiring defendant-in-counterclaim.

12. Defendant-in-counterclaim does not offer services such as passive investing in publicly-traded securities.

13. Defendant-in-counterclaim deals with sophisticated professionals and corporations who perform a tremendous amount of research and due diligence prior to retaining of defendant-in-counterclaim's services.

14. In or about October of 2001, defendant-in-counterclaim sent correspondence to plaintiff-in-counterclaim, raising, and requesting a resolution of various trademark concerns, to wit, that the entities had similar names.

15. Subsequently, the parties entered into negotiations in which plaintiffs-in-counterclaim attempted to resolve the dispute amicably.

16. These negotiations extended over a period of three years and periodically stopped when defendant-in-counterclaim failed to respond to plaintiffs-in-counterclaim's communications.

17. Upon information and belief, while defendant-in-counterclaim has always operated in Avon, Connecticut, it also recently acquired an office at 18 Tremont Street, Boston, Massachusetts, and obtained a new telephone number at its Boston office of 617-742-7600.

18. Since December 1999, the main telephone number for the Boston offices of plaintiffs-in-counterclaim has been 617-757-7600.

19. Upon information and belief, defendant-in-counterclaim deliberately selected a telephone number for its Boston office that had the same last four digits of that utilized by plaintiff-in-counterclaim in order to cause confusion between the entities.

20. In or about July 2000, while applying for its trademark registration, defendant-in-counterclaim was involved in a trademark dispute with Ironweed Capital Management LLC, another entity that described itself as engaging in the business of "Financial Services".

21. In connection with that dispute, defendant-in-counterclaim asserted that there was no likelihood of confusion between it and Ironweed Capital Management LLC, notwithstanding that both companies were engaged in the business of providing "Financial Services."

22. Defendant-in-counterclaim specifically asserted that Ironwood and Ironweed were not likely to be confused because their customers were comprised of "sophisticated professionals and corporations" who perform "a tremendous amount of research and due diligence" before hiring.

23. In reliance on defendant-in-counterclaim's representations as to the dissimilarity of its mark from that of Ironweed Capital Management LLC, the United States Patent and Trademark Office (PTO) approved defendant-in-counterclaim's application for the trademark IRONWOOD.

## COUNT I

## (DECLARATORY RELIEF; VIOLATION OF 15 U.S.C. § 1119)

24. Plaintiffs-in-counterclaim repeat and reallege the allegations contained in paragraphs 1 through 23 of this counterclaim as if fully set forth herein.

25. Defendant-in-counterclaim represented to the PTO that its clientele are sophisticated professionals who perform a great deal of due diligence.

26. Defendant-in-counterclaim represented to the PTO that its financial services were "not directly related" to another entity's financial services, in that they were "marketed to a specific class of professionals familiar with the distinctions" between services offered, and

therefore it is unlikely that these consumers would be mistaken "regardless of any similarities in the marks."

27. If defendant-in-counterclaim's statements in its Complaint are true, then defendant-in-counterclaim willfully and knowingly made false statements to the PTO regarding a material fact in the in the procurement and maintenance of its trademark, which jeopardizes the validity of its trademark registration.

28. Defendant-in-counterclaim was aware its representations were false.

29. In reliance on defendant-in-counterclaim's representations, the Patent and Trademark Office approved defendant-in-counterclaim's application for a registered trademark.

30. These acts constitute a fraud upon the PTO, in violation of 15 U.S.C. § 1119.

## COUNT II
## (FRAUDULENT REGISTRATION; VIOLATION OF 15 U.S.C. § 1120)

31. Plaintiffs-in-counterclaim repeat and reallege the allegations contained in paragraphs 1 through 30 above as if fully set forth herein.

32. Defendant-in-counterclaim represented to the PTO that its clientele are sophisticated professionals who perform a great deal of due diligence.

33. Defendant-in-counterclaim represented to the PTO that its financial services were "not directly related" to another entity's financial services, in that they were "marketed to a specific class of professionals familiar with the distinctions" between services offered, and therefore it is unlikely that these consumers would be mistaken "regardless of any similarities in the marks."

34. Defendant-in-counterclaim willfully and knowingly made false statements to the PTO regarding material facts in the in the procurement and maintenance of its trademark, which jeopardize the validity of its trademark registration.

35. Defendant-in-counterclaim was aware its representations were false.

36. In reliance on defendant-in-counterclaim's representations, the PTO approved defendant-in-counterclaim's application for a registered trademark.

37. Due to defendant-in-counterclaim's fraudulent representations to the PTO in the procurement and maintenance of its trademark registration, plaintiffs-in-counterclaim have suffered harm.

38. The injuries sustained by plaintiffs-in-counterclaim as a consequence of defendant-in-counterclaim's actions give rise to a claim under 15 U.S.C. § 1120.

## COUNT III
## (COMMON LAW UNFAIR COMPETITION)

39. Plaintiffs-in-counterclaim repeat and reallege the allegations contained in paragraphs 1 through 38 above as if fully set forth herein.

40. By deliberately procuring a telephone number so similar to the telephone number of plaintiffs-in-counterclaim, defendant-in-counterclaim has attempted to confuse the public, and continues to attempt to do so.

41. Defendant-in-counterclaim has acted with bad intent in order to mislead consumers and to cause confusion between the parties, where none exists.

42. Defendant-in-counterclaim knew that the similarity of telephone numbers between the parties could foster a level of confusion in the market, where none had existed before.

43. Defendant-in-counterclaim's conduct was designed to cause consumer confusion between defendant-in-counterclaim and plaintiffs-in-counterclaim.

44. Defendant-in-counterclaim's conduct and actions, as described above, are intended to cause damage to plaintiff-in-counterclaim.

45. As a result of defendant-in-counterclaim's acts, the plaintiffs-in-counterclaim have suffered and will continue to suffer harm.

## COUNT IV
## (DECEPTIVE TRADE PRACTICES; VIOLATION OF M.G.L. C. 93A §§ 2 AND 11)

46. Plaintiffs-in-counterclaim repeat and reallege the allegations contained in paragraphs 1 through 45 above as if fully set forth herein.

47. Defendant-in-counterclaim engages in trade or commerce within the meaning of G.L. c. 93A, § 11.

48. Defendant-in-counterclaim has knowingly and willfully engaged in unfair and deceptive acts or practices within the meaning of G.L. c. 93A § 2.

49. As a result of the defendant-in-counterclaim's unfair and deceptive acts or practices, plaintiffs-in-counterclaim have been injured and have suffered damages.

## RELIEF REQUESTED

WHEREFORE, plaintiffs-in-counterclaim Ironwood Capital Management, LLC; Ironwood Partners, LLC and ICM Series Trust pray that this Court:

a. Enter a judgment in their favor on all of their Counterclaims;

b. Award Ironwood Capital Management, LLC; Ironwood Partners, LLC and ICM Series Trust all damages they have suffered as a result of defendant-in-counterclaim's conduct;

c. Enter an order granting Ironwood Capital Management, LLC; Ironwood Partners, LLC and ICM Series Trust treble damages, costs and attorneys' fees, as allowed by G.L. c. 93A, § 1, et seq.;

d. Order the cancellation of plaintiff's service mark Reg. No. 2,509,356 for IRONWOOD CAPITAL and plaintiff's trademark Reg. No. 2,469,393 for IRONWOOD CAPITAL, pursuant to 15 U.S.C. §1119; and

e. Award Ironwood Capital Management, LLC; Ironwood Partners, LLC and ICM Series Trust such other and further relief that justice so requires.

Defendants and plaintiffs-in-counterclaim Ironwood Capital Management, LLC; Ironwood Partners, LLC and ICM Series Trust hereby demand a trial by jury on all claims and counterclaims so triable.

Respectfully submitted,

**IRONWOOD CAPITAL MANAGEMENT, LLC; IRONWOOD PARTNERS, LLC, and ICM SERIES TRUST**

By their attorneys,

_____
Mark Schonfeld (BBO #446980)
Diane DiLeo (BBO #656430)
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110
(617) 345-3000

Dated: May 18, 2004

24583.3/00839313.DOC

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail (~~by hand~~) on May 18, 2004

_____
[signature]