UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IRONWOOD CAPITAL LTD.,<br><br>Plaintiff,<br><br>v.<br><br>IRONWOOD CAPITAL MANAGEMENT, LLC; IRONWOOD PARTNERS, LLC; and ICM SERIES TRUST,<br><br>Defendants. | Civil Action No. 04 CV 10726 PBS |

**ANSWER TO DEFENDANTS' AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS**

Plaintiff Ironwood Capital Ltd. ("Plaintiff") by and through its undersigned counsel hereby answers Defendants' Affirmative Defenses and Counterclaims as follows:

**Affirmative Defenses**

Plaintiff denies the allegations set forth in Defendants' Seventh through Tenth Affirmative Defenses. Plaintiff is without sufficient information or knowledge with regard to Defendants' Affirmative Defenses One through Six as page seven of Defendants' Answer was never served on Plaintiff. This despite Plaintiff requesting and receiving assurances that Defendant would serve the same.

**Counterclaims**

**PARTIES**

1. Plaintiff admits the allegations set forth in paragraph 1.

2. Plaintiff admits the allegations set forth in paragraph 2.

3. Plaintiff admits the allegations set forth in paragraph 3.

4. Plaintiff admits the allegations set forth in paragraph 4.

## FACTS

5. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Counterclaims and therefore denies same and leaves Defendants to their proof thereof.

6. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Counterclaims and therefore denies same and leaves Defendants to their proof thereof.

7. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Counterclaims and therefore denies same and leaves Defendants to their proof thereof.

8. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Counterclaims and therefore denies same and leaves Defendants to their proof thereof.

9. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Counterclaims and therefore denies same and leaves Defendants to their proof thereof.

10. Plaintiff admits the allegations set forth in paragraph 10 of the Counterclaims except that Plaintiff affirmatively alleges that Plaintiff's services are not limited to those set forth in paragraph 10.

11. Plaintiff lacks knowledge or information sufficient to form a belief as to Defendants' definition of "active investor" and therefore denies the allegation regarding same.

12. Plaintiff lacks knowledge or information sufficient to form a belief as to Defendants' definition of "passive investing" and therefore denies the allegation regarding same. Notwithstanding the foregoing, Plaintiff has invested in privately placed securities issued by publicly-traded companies.

13. Plaintiff admits the allegations set forth in paragraph 13 of the Counterclaims.

14. Plaintiff admits the allegations set forth in paragraph 14 of the Counterclaims except that Plaintiff denies Defendants' characterization of such correspondence. Specifically, Plaintiff sent Defendants two separate cease and desist letters on October 1, 2001 and April 12, 2004, and engaged in numerous conversations with Defendants requesting that Defendants cease further use of Plaintiff's marks and discussing parameters for resolving the matter short of litigation.

15. Plaintiff admits the allegations set forth in paragraph 15 of the Counterclaims that the parties discussed settlement, but denies that the parties entered into formal "negotiations" and that Defendants attempted to resolve the dispute amicably.

16. Plaintiff denies the allegations set forth in paragraph 16 of the Counterclaims.

17. Plaintiff admits the allegations set forth in paragraph 17 of the Counterclaims.

18. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Counterclaims and therefore denies same and leaves Defendants to their proof thereof.

19. Plaintiff denies the allegations set forth in paragraph 19 of the Counterclaims.

20. Plaintiff denies the allegations set forth in paragraph 20 of the Counterclaims. However, in the interest of setting the record straight, it is important to note that Plaintiff distinguished their mark (now U.S. Reg. No. 2,509,356) from the mark cited by the U.S. Patent and Trademark Office ("USPTO"), namely, IRONWEED, on several levels. For instance, Plaintiff represented to the USPTO that its mark and the IRONWEED mark were different, *inter alia*, in their overall connotation, sound and appearance. To the extent that further questions exist, Plaintiff respectfully directs Defendants to the USPTO's relevant prosecution files, which are a matter of public record.

21. Plaintiff denies the allegations set forth in paragraph 21 of the Counterclaims except that Plaintiff admits that it asserted that there was no likelihood of confusion between Plaintiff's IRONWOOD CAPITAL mark and the cited IRONWEED/IRONWEED CAPITAL marks for a number of reasons including those set forth above and in the relevant USPTO records.

22. Plaintiff admits the allegations set forth in paragraph 22 of the Counterclaims only to the extent that it made the quoted assertions to the USPTO and otherwise denies same. Plaintiff affirmatively alleges that Defendants have quoted Plaintiff's statements to the USPTO out of context. Specifically, Plaintiff asserted that

4

confusion was not likely for a number of reasons including, but not limited to, the reasons quoted by Defendants in paragraph 22. Interestingly, Defendants fail to discuss the primary distinctions between the Ironwood and Ironweed marks, namely, that they differ in overall sight, sound and connotation. To the extent that further questions exist, Plaintiff respectfully directs Defendants to the USPTO's relevant prosecution files, which are a matter of public record.

23. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Counterclaims and therefore denies same and leaves Defendants to their proof thereof.

## COUNT I

### (DECLARATORY RELIEF; VIOLATION OF 15 U.S.C. § 1119)

24. Plaintiff repeats and realleges its prior responses to the allegations set forth in paragraphs 1 through 23 of the Counterclaims as if fully set forth herein.

25. Plaintiff admits the allegations set forth in paragraph 25 of the Counterclaims except that Plaintiff denies that its representations to the USPTO were so limited.

26. Plaintiff admits the allegations set forth in paragraph 26 of the Counterclaims only to the extent that it made the quoted assertions to the USPTO and otherwise denies all remaining allegations. Plaintiff affirmatively alleges that Defendants have quoted Plaintiff's statements to the USPTO out of context. Specifically, Plaintiff asserted that confusion was not likely for a number of reasons including, but not limited to, the reasons quoted by Defendants in paragraph 26. Interestingly, Defendants fail to discuss the primary distinctions between the Ironwood and Ironweed marks, namely, that

they differ in overall sight, sound and connotation.  To the extent that further questions exist, Plaintiff respectfully directs Defendants to the USPTO's relevant prosecution files, which are a matter of public record.

27.   Plaintiff denies the allegations set forth in paragraph 27 of the Counterclaims.

28.   Plaintiff denies the allegations set forth in paragraph 28 of the Counterclaims.

29.   Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Counterclaims and therefore denies same and leaves Defendants to their proof thereof.

30.   Plaintiff denies the allegations set forth in paragraph 30 of the Counterclaims.

## COUNT II

### (DECLARATORY RELIEF; VIOLATION OF 15 U.S.C. § 1119)

31.   Plaintiff repeats and realleges its prior responses to the allegations set forth in paragraphs 1 through 30 of the Counterclaims as if fully set forth herein.

32.   Plaintiff admits the allegations set forth in paragraph 32 of the Counterclaims, except that Plaintiff denies that its representations to the PTO were so limited.  Plaintiff affirmatively alleges that Defendants have quoted Plaintiff's statements to the USPTO out of context.   Specifically, Plaintiff asserted that confusion was not likely for a number of reasons including, but not limited to, the reasons quoted by Defendants in paragraph 32.  Interestingly, Defendants fail to discuss the primary distinctions between the Ironwood and Ironweed marks, namely, that they differ in

6

overall sight, sound and connotation  To the extent that further questions exist, Plaintiff respectfully directs Defendants to the USPTO's relevant prosecution files, which are a matter of public record.

33. Plaintiff admits the allegations set forth in paragraph 33 of the Counterclaims only to the extent that it made the quoted assertions to the USPTO and otherwise denies the remaining allegations.  Plaintiff affirmatively alleges that Defendants have quoted Plaintiff's statements to the USPTO out of context.  Specifically, Plaintiff asserted that confusion was not likely for a number of reasons including, but not limited to, the reasons quoted by Defendants in paragraph 33.  Interestingly, Defendants fail to discuss the primary distinctions between the Ironwood and Ironweed marks, namely, that they differ in overall sight, sound and connotation.  To the extent that further questions exist, Plaintiff respectfully directs Defendants to the USPTO's relevant prosecution files, which are a matter of public record.

34. Plaintiff denies the allegations set forth in paragraph 34 of the Counterclaims.

35. Plaintiff denies the allegations set forth in paragraph 35 of the Counterclaims.

36. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Counterclaims and therefore denies same and leaves Defendants to their proof thereof.

37. Plaintiff denies the allegations set forth in paragraph 37 of the Counterclaims.

38. Plaintiff denies the allegations set forth in paragraph 38 of the Counterclaims.

## COUNT III

### (COMMON LAW UNFAIR COMPETITION)

39. Plaintiff repeats and realleges its prior responses to the allegations set forth in paragraphs 1 through 38 of the Counterclaims as if fully set forth herein.

40. Plaintiff denies the allegations set forth in paragraph 40 of the Counterclaims.

41. Plaintiff denies the allegations set forth in paragraph 41 of the Counterclaims.

42. Plaintiff denies the allegations set forth in paragraph 42 of the Counterclaims.

43. Plaintiff denies the allegations set forth in paragraph 43 of the Counterclaims.

44. Plaintiff denies the allegations set forth in paragraph 44 of the Counterclaims.

45. Plaintiff denies the allegations set forth in paragraph 45 of the Counterclaims.

## COUNT IV

### (DECEPTIVE TRADE PRACTICES; VIOLATION OF M.G.L. C. 93A §§ 2 and 11)

46. Plaintiff repeats and realleges its prior responses to the allegations set forth in paragraphs 1 through 45 of the Counterclaims as if fully set forth herein.

47.	Plaintiff admits the allegations set forth in paragraph 47 of the Counterclaims.

48.	Plaintiff denies the allegations set forth in paragraph 48 of the Counterclaims.

49.	Plaintiff denies the allegations set forth in paragraph 49 of the Counterclaims.

### PLAINTIFF'S AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIMS

### FIRST DEFENSE

Defendants have failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendants' claims are barred by the doctrine of laches.

### THIRD DEFENSE

Defendants' claims are barred by the doctrine of acquiescence.

### FOURTH DEFENSE

Defendants have failed to articulate damages.

### FIFTH DEFENSE

Defendants have failed to plead any facts demonstrating causation.

### SIXTH DEFENSE

Defendants' claims are barred by Defendants' unclean hands.

WHEREFORE, Plaintiff demands judgment that this Court

a.	Deny each and every claim for relief sought by Defendants through their Counterclaims;

    b.    Dismiss Defendants' Counterclaims in their entirety with prejudice; and

    c.    Award Plaintiff its reasonable attorney's fees and costs incurred in connection with defending against Defendants' Counterclaims and award Plaintiff such other and further relief that this Court may deem equitable and just.

Dated: June 23, 2004

Respectfully submitted,

GREENBERG TRAURIG, LLP

By:   /s/ Courtney B. Pillsbury
Gary R. Greenberg (BBO No. 209420)
Courtney Pillsbury (BBO No. 651549)
One International Place, 20th Floor
Boston, Massachusetts 02110
(617) 310-6000
Todd S. Sharinn, Esq.
Greenberg Traurig, LLP
885 Third Avenue
New York, New York 10022
(212) 801-2157
*Attorneys for Plaintiff*
*Ironwood Capital Ltd.*