UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| IRONWOOD CAPITAL LTD., <br><br> Plaintiff, <br><br> v. <br><br> IRONWOOD CAPITAL MANAGEMENT, LLC; IRONWOOD PARTNERS, LLC; and ICM SERIES TRUST, <br><br> Defendants. | Civil Action No. 04 CV 10726 PBS |

## JOINT STATEMENT

Pursuant to Local Rules 16.1(d) and FED. R. CIV. P. 16(b) & (c) and 26(f),

plaintiff Ironwood Capital Ltd. ("Plaintiff"), and defendants Ironwood Capital

Management, LLC, Ironwood Partners, LLC and ICM Series Trust ("Defendants")

hereby submit the following joint statement:

**I.     Agenda**

The matters to be discussed at the Scheduling Conference on July 1, 2004,

shall include limiting the scope of the claims (both direct and counter) presently in

dispute, discovery, filing of motions, potential for settlement, consenting to trial by

Magistrate Judge and the potential use of alternative dispute resolution procedures.

**A.     Brief Summary of Proceedings to Date**

Plaintiff filed the instant action on April 9, 2004, alleging, *inter alia*, that

defendants' use of a colorable imitation of Plaintiff's federally registered IRONWOOD

CAPITAL mark constitutes service mark/trademark infringement, trademark dilution,

unfair competition and false designation of origin arising under the Trademark Act of

1946, 15 U.S.C. §§ 1051, *et seq.*, (the "Lanham Act"), and service mark and trade name infringement, unfair competition, deceptive trade practices and dilution under the laws of the Commonwealth of Massachusetts.

On May 18, 2004, Defendants filed their Answer to the Complaint herein and asserted Counterclaims against Plaintiff alleging, *inter alia*, fraud on the Patent and Trademark Office in procuring U.S. Reg. Nos. 2,509,356 and 2,469,393 that are directed to Plaintiff's IRONWOOD CAPITAL marks in violation of 15 U.S.C. §§ 1119 and 1120, and for common law unfair competition and deceptive trade practices in violation of M.G.L.C. 93A §§ 2 and 11.

Plaintiff filed its Answer and Affirmative Defenses to Defendants' Counterclaims on June 23, 2004.

Counsel for the parties conferred on June 4, 2004, pursuant to Local Rule 16.1(b) and FED. R. CIV. P. 26(f). Additionally, Plaintiff conveyed a written settlement proposal to Defendants' counsel on June 21, 2004, pursuant to Local Rule 16.1(c), annexed hereto as Exhibit A.

As agreed between the parties, initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) were exchanged by counsel for the parties on June 22, 2004.

B.    **Proposed Pretrial Schedule and Discovery Plan**

1.    **Amendments to Discovery Limits**

At this time, the parties foresee no need to amend discovery limits beyond those set by the Federal Rules of Civil Procedure and/or Local Rule however, the parties reserve their right to move to amend such limits at a later date should good cause exist for such amendments, if any.

## 2.    Schedule

The parties were unable to reach agreement on a schedule to govern the pretrial conduct of this action and, in particular, discovery deadlines. As such, each party has set forth its proposed schedule:

| Event | Plaintiff Deadline | Defendant Deadline |
|---|---|---|
| Close of fact discovery | August 31, 2004 | November 30, 2004 |
| Designation of experts | September 1, 2004 | December 1, 2004 |
| Designation of rebuttal experts | September 15, 2004 | January 1, 2005 |
| Expert disclosures pursuant to FRCP 26(a)(2) | September 30, 2004 | February 15, 2005 |
| Close of expert discovery | October 31, 2004 | April 1, 2005 |
| Dispositive motions can be filed by either party at any time up to and including | November 30, 2004 | May 15, 2005 |
| Final Pretrial Conference | December 30, 2004 | June 1, 2005 if no Motion for Summary Judgment has been filed; Otherwise, 30 days after receipt of the Court's ruling on Motion for Summary Judgment |
| Trial | January 2005 (subject to the Court's schedule) | At the Court's convenience, but not less than 30 days after the Final Pre-Trial Conference |

## C.    Trial By Magistrate Judge

The parties do not consent to trial by Magistrate.

## II.    Certification

The parties will each submit separate certifications stating that they have each conferred with counsel with a view of establishing a budget for the costs of

conducting full course—and various alternative courses—of the litigation, and to

consider the resolution of the litigation through the use of alternative dispute resolution

programs, in advance of or at the July 1, 2004 scheduling conference in the matter.

Respectfully submitted,                          Respectfully submitted,

IRONWOOD CAPITAL LTD.,                    IRONWOOD CAPITAL MANAGEMENT
By its attorneys,                                LLC, IRONWOOD PARTNERS LLC and
                                                 ICM SERIES TRUST, By their attorneys,


_____/s/ Gary R. Greenberg_____          _____/s/ Mark Schonfeld_____
Gary R. Greenberg (BBO No. 209420)          Mark Schonfeld (BBO No. 446980)
Courtney Pillsbury (BBO No. 651549)         Diane A.D. Noël (BBO No. 656430)
GREENBERG TRAURIG LLP                        BURNS & LEVINSON LLP
One International Place – 3rd Floor      125 Summer Street
Boston, MA 02110                             Boston, MA 02110
(617) 310-6000                               (617) 345-3000

and

Todd S. Sharinn, Esq. (admitted *pro hac vice*)
GREENBERG TRAURIG LLP
885 Third Avenue
New York, New York 10022
(212) 801-2157

Dated:  June 24, 2004